944 F.2d 905
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
aniel Felix ULLOA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-3028.
 United States Court of Appeals, Sixth Circuit.
 Sept. 17, 1991.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and HARVEY*, Senior District Judge.
 PER CURIAM.
 
 
 1
 Petitioner Daniel Ulloa, a citizen of Nicaragua, petitions for review of a decision of the Board of Immigration Appeals ("Board") denying his request for asylum and withholding of deportation. For the reasons stated below, we remand for additional proceedings consistent with this opinion.
 
 I.
 
 2
 Ulloa entered the United States on March 10, 1985, at Miami, Florida, as a non-immigrant visitor. He remained in the United States after the expiration date of his visitor's visa. The Immigration and Naturalization Service ("INS") ordered petitioner to show cause why he should not be deported pursuant to section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2). Petitioner conceded deportability and applied for asylum or withholding of deportation based upon his past experiences with and fear of future persecution from the Sandinista government of Nicaragua.
 
 
 3
 On December 11, 1989 the Immigration Judge ("IJ") found petitioner to be deportable as charged, but granted his application for asylum and withholding of deportation. The INS appealed to the Board. On December 11, 1990 the Board affirmed the IJ's determination of deportability, but reversed the grant of asylum and withholding of deportation. The Board first noted that the IJ had not found that petitioner was the subject of "past persecution" in Nicaragua. The Board also independently concluded that petitioner had failed to show he was the victim of "past persecution." The Board then took administrative notice of the fact that the Sandinista government no longer controlled Nicaragua because of the April 25, 1990 election of Violeta Chamorro's new coalition government. The Board determined that petitioner could not suffer persecution under the new Chamorro government because the new government granted a general amnesty to the Contras and ended military conscription. The Board therefore concluded that this change in government eliminated petitioner's "fear of future persecution" in Nicaragua, and reversed the IJ's decision. The Board granted petitioner 30 days to voluntarily depart the United States. This appeal followed.
 
 II.
 
 4
 Petitioner contends that the Board improperly took administrative notice of the change in Nicaragua's government without affording him notice and an opportunity to introduce evidence that the Sandinistas still control much of the government, including the military.
 
 
 5
 We agree with the recent decision in Kaczmarczyk v. INS, 933 F.2d 588, 593-95 (7th Cir.1991) that the Board may properly take administrative notice of, and base its decision on, a change in the political climate of an alien's native country. However, unlike Kaczmarczyk, where the Board's administratively noticed facts simply supplemented the IJ's factual findings and conclusions, the Board here reversed the IJ's decision based on the administratively noticed facts. This reversal of the IJ's grant of asylum and withholding of deportation occurred without either prior notice or affording petitioner an opportunity to present rebuttal evidence.
 
 
 6
 It is well established that aliens are entitled to notice and an opportunity to be heard in deportation proceedings. See Landon v. Plasencia, 459 U.S. 21, 32-33 (1982); Johnson v. Eisentrager, 339 U.S. 763, 771 (1950). When an administrative agency takes official notice of facts that "could be reasonably challenged and they importantly affect the decision, giving the parties a pre-decision chance to respond to them may be an essential part of fair procedure." Banks v. Schweiker, 654 F.2d 637, 642 n. 11 (9th Cir.1981) (quoting 3 K. Davis, Administrative Law Treatise, § 15:6 at 195-96 (2d ed. 1980)). "Such fairness concerns appear to have motivated the drafters of Federal Rule of Evidence 201(e), which provides litigants in federal court just such an opportunity to rebut judicially noticed facts." Kaczmarczyk, 933 F.2d at 596. We believe similar notions of fairness require that the Board give aliens adequate notice and a meaningful opportunity to respond to officially noticed facts that bear upon the Board's decision-making process. While our scope of review over deportation proceedings is narrow, "it extends at least to a determination as to whether the procedure followed by the Board in a particular case constitutes an improper exercise of discretion." Ravancho v. INS, 658 F.2d 169, 176 (3d Cir.1981) (remanding case to the Board due to Board's failure to consider all relevant evidence offered by petitioner).
 
 
 7
 We conclude that the procedure followed by the Board in the present case was an improper exercise of discretion because it denied the petitioner any meaningful opportunity to present rebuttal evidence.[1] Consequently, we REMAND this case so that petitioner may offer rebuttal evidence regarding the change of governments in Nicaragua and STAY the order of deportation until such evidence has been considered by the Board.
 
 
 
 *
 The Honorable James Harvey, United States Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The INS contends that petitioner may present rebuttal evidence in a motion to reopen his case pursuant to 8 C.F.R. § 3.2. In our view, requiring a petitioner facing deportation to file a motion to reopen the proceedings in order to rebut officially noticed facts creates an unnecessary procedural hurdle for such a petitioner. The filing of a motion to reopen does not serve to stay the execution of an order of deportation, see 8 C.F.R. § 3.8(a), and thus such a procedure imposes the unreasonable risk that a petitioner may be deported before the Board considers the rebuttal evidence contained in his motion to reopen. Cf. Kaczmarczyk, 933 F.2d at 597 n. 9