**NOT RECOMMENDED FOR PUBLICATION**

File Name: 05a0251n.06

Filed: April 4, 2005

No. 03-4285

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LUAY LUFTI HADAD, | ) | |
| | ) | |
| **Petitioner,** | ) | **ON APPEAL** FROM A DECISION OF |
| | ) | THE BOARD OF IMMIGRATION |
| v. | ) | APPEALS |
| | ) | |
| JOHN ASHCROFT, Attorney General, | ) | **OPINION** |
| | ) | |
| **Respondent**. | ) | |
| | ) | |

BEFORE:     **DAUGHTREY and CLAY, Circuit Judges, and SCHWARZER,** [*] **Senior District Judge**

**PER CURIAM.** Petitioner Luay Lutfi Hadad requests review of a decision of the Board of

Immigration Appeals (BIA) denying his application for asylum and withholding of deportation on

a ground different from that stated by the Immigration Judge (IJ) who earlier denied Hadad's

application. The BIA also denied Hadad's motion to remand his case to the IJ for reconsideration

under the Convention Against Torture (CAT), and Hadad seeks review of this decision as well. The

BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction under 8 U.S.C. § 1105a

(1994), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996

(IIRIRA) § 309(c)(4), Pub. L. No. 104-208, 110 Stat. 3009-626 (Sept. 30, 1996). *See Harchenko*

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*v. INS*, 379 F.3d 405, 408-09 (6th Cir. 2004).

We deny the petition. The BIA did not err in administratively noticing the fact that as of September 2003, Saddam Hussein and the Baath Party had been removed from power in Iraq, or in adjudicating Hadad's application on a ground different from that stated by the IJ. And the record indicates that Hadad could have, but did not, present rebuttal evidence regarding the facts noticed. Thus, Hadad's procedural rights under the Fifth Amendment of the United States Constitution were not violated. The BIA additionally did not abuse its discretion in failing to grant Hadad humanitarian asylum or in denying his motion to remand for reconsideration.

## BACKGROUND

Hadad, a Chaldean Christian, was born in Iraq in 1967. He worked as a doctor in Iraq but left the country in 1995 because of disagreement with the policies of Saddam Hussein and the Baath Party regime. Hadad arrived in the United States in 1996 and after being ordered deported filed applications for asylum and withholding of deportation. On April 14, 1998, Hadad had a hearing before an IJ on the merits of these applications. Hadad claimed past persecution by government agents of Saddam Hussein's regime on the basis of Hadad's opposition to the regime's policies. Hadad also claimed a fear of future persecution on the same basis. The IJ found that Hadad's testimony "overall ha[d] the ring of credibility" but that Hadad was statutorily barred from relief because he had engaged in persecution himself. *See* 8 U.S.C. §§ 1101(a)(42)(B), 1253(h)(2)(A); *Matter of Rodrigues-Majano*, 19 I. & N. Dec. 811, 814 (BIA 1988); *Ofosu v. McElroy*, 933 F. Supp. 237, 239 (S.D.N.Y. 1995).

Hadad timely appealed this decision to the BIA. In its brief on appeal, the Immigration and

Naturalization Service (INS) conceded that the IJ erred in finding that Hadad had participated in persecution. In June 1998, while the appeal to the BIA was pending, Hadad filed a motion to remand the case to the IJ for consideration under the Convention Against Torture (CAT). Not until May 27, 2003, did the Department of Homeland Security (DHS) oppose this motion. The BIA both dismissed Hadad's appeal and denied his motion in an opinion issued September 24, 2003. The BIA based both decisions on the change in country conditions in Iraq, specifically, the removal of Saddam Hussein and the Baath Party from power, a fact of which it took administrative notice. Hadad timely filed a petition for judicial review of this decision.

**STANDARD OF REVIEW**

In review of a BIA decision on an application for withholding of removal or asylum, we review legal questions de novo and factual findings for support by "substantial evidence." *Mostafa v. Ashcroft*, 395 F.3d 622, 624 (6th Cir. 2005) (citation omitted). Under the substantial evidence standard, we uphold the findings of the BIA as long as they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). This is a "deferential standard." *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir. 2001) (citation omitted). We review the BIA's refusal to grant "humanitarian asylum" for abuse of discretion. *See* 8 C.F.R § 1208.13(b)(1)(iii). We also review the BIA's denial of motions to reopen for abuse of discretion. *Daneshvar v. Ashcroft*, 355 F.3d 615, 625 (6th Cir. 2004) (citing *INS v. Abdu*, 485 U.S. 94, 96 (1988)).

**DISCUSSION**

**I.**

Hadad argues that the BIA improperly took administrative notice of "doubtful" inferences drawn from the fact of regime change in Iraq and from documents to which he did not have access. He also argues that the BIA deprived him of due process by denying him an opportunity to rebut the inference that he would not be subject to persecution in Iraq were he to return now. The government responds that the facts noticed by the BIA were not questionable and that Hadad had notice of the likelihood that the BIA would consider the issue of changed conditions as well as time and opportunity to rebut this opposition.

In unpublished opinions, the Sixth Circuit has approved the practice of administrative notice of "significant events" and "commonly acknowledged facts," adopting the standards of the Seventh Circuit expressed in *Kaczmarczyk v. INS*, 933 F.2d 588, 593-95 (7th Cir. 1991). *See Cytacki v. INS*, 996 F.2d 1214, 1993 WL 216490, at **4 (6th Cir. Jun. 18, 1993) (unpublished); *see also Ulloa v. INS*, 944 F.2d 905, 1991 WL 181745, at **1 (6th Cir. Sept. 17, 1991) (unpublished). The level of general civilian safety in Iraq and the degree to which Coalition and Coalition-aligned Iraqi forces currently have control over civil unrest may be debatable, but Hadad cannot convincingly maintain that the capture of Saddam Hussein and dissolution of the Baath Party administration—the facts of which the BIA took administrative notice—are doubtful facts. The BIA accordingly did not err in taking administrative notice of these "uncontroverted" facts. *Cytacki*, 1993 WL 216490, at **4. It is immaterial that the documents cited by the BIA were not in the record, since the BIA was not required to cite authority for the facts it noticed.

The DHS advanced a changed conditions argument in its May 27, 2003, opposition to Hadad's motion to reopen his case under the CAT. The record makes clear that this document was served on Hadad's attorney. The BIA issued its decision three months later. Thus, Hadad had notice of the argument as well as time and an opportunity to offer facts in rebuttal to it. Hadad does not assert that he made any attempt to introduce rebuttal evidence before the BIA issued its decision in September 2003 or that he was in the process of preparing such evidence when the BIA issued its decision unexpectedly. He contended at oral argument that due to the BIA's delay in deciding his appeal, he was not on notice that immediate response to the DHS opposition was necessary. This argument is unavailing; the BIA's delay does not explain Hadad's silence regarding a new position taken by the government in his case.

The record indicates that Hadad had notice of and an opportunity to respond to the government's argument but failed to avail himself of the opportunity. Hadad does not dispute these indications and accordingly has not carried his burden of showing a due process violation. *See Scorteanu v. INS*, 339 F.3d 407, 413 (6th Cir. 2001).

**II.**

Hadad also argues that the BIA erred in failing to consider his eligibility for "humanitarian asylum" under 8 C.F.R. § 1208.13(b)(1)(iii), which provides that an alien who shows past persecution may be granted asylum, on a discretionary basis, if

> (A) The applicant has demonstrated compelling reasons for being unable or unwilling to return to the country arising out of the severity of the past persecution; or
> (B) The applicant has established that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country.

*Id.* Hadad argues that the "atrocious" nature of his past persecution is a compelling reason for his unwillingness to return, as well as that the harm he may suffer from rebel forces in Iraq is "other serious harm" supporting a discretionary grant of asylum. The government responds that Hadad failed to raise this argument before the IJ, and therefore has failed to exhaust his administrative remedies with respect to the argument, but also that the argument fails on the merits. Because it does clearly fail on the merits, we do not address the exhaustion issue.

The regulations leave this relief to the adjudicator's discretion, so we review the BIA's decision for abuse of discretion. *See* 8 C.F.R § 1208.13(b)(1)(iii). Hadad did not present any medical or other evidence that the severity of his past persecution has caused or would cause him particular problems other than general distress were he to return to Iraq. The IJ and BIA therefore did not abuse their discretion in refusing to grant him humanitarian asylum on the "compelling reasons" ground. *Compare Matter of Chen*, 20 I. & N. Dec. 16, 19-21 (BIA 1989) (granting humanitarian asylum to applicant disabled by torture and denial of medical care and suffering depression and suicidal thoughts), *with Asani v. INS*, 154 F.3d 719, 721, 724 (7th Cir. 1998) (holding that applicant detained under uncomfortable conditions and beaten to the extent of losing two teeth demonstrated past persecution, but not compelling reason for unwillingness to return). Hadad also did not present the BIA with any evidence that he would suffer serious harm were he to return to an Iraq not governed by Saddam Hussein and the Baath Party, despite his opportunity to present such evidence. The BIA therefore did not abuse its discretion in refusing to grant Hadad humanitarian asylum on the "other serious harm" ground.

**III.**

Finally, Hadad argues that the BIA abused its discretion in denying his motion to remand his case for consideration under the CAT. The government responds that the Sixth Circuit requires an alien moving for reconsideration to present a prima facie case that he merits relief under the relevant statute, and that Hadad has not carried this burden. *See Yousif v. INS*, 794 F.2d 236, 241 (6th Cir. 1986) (holding that motions to reconsider cannot be granted except upon production of previously unavailable evidence and a "prima facie showing that the statutory requirements for the underlying relief have been met," and noting that BIA has discretion to deny motion even if applicant meets these requirements)).

To be eligible for relief under the CAT, an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). The regulations define "torture" as "pain or suffering . . . inflicted *by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity*." 8 C.F.R. § 1208.18(a)(1) (emphasis added). Hadad does not dispute the fact that the Baath Party is not in control of Iraq, only the inferences the BIA draws from this fact. He does not contend that the Iraqi government will torture him. He asserts a fear of persecution only by Iraqi rebel groups beyond the control of the Iraqi government. Thus, even had the BIA been provided evidence showing Hadad could reasonably expect to be tortured by insurgents, Hadad would not have carried his burden of making out a prima facie case of eligibility for relief under the CAT, since he would not have shown a reasonable possibility that the Iraqi government would torture him. *See* 8 C.F.R. § 1208.18(a)(1). Since Hadad did not present a prima facie case that he merited relief

under the CAT, the BIA did not abuse its discretion in denying his motion to remand his case for

consideration under that statute.

## CONCLUSION

For the reasons stated, the petition for review of the decision of the Board of Immigration

Appeals is DENIED.